UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 1:07-CR-93 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| SEKOU FOFANA, | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Before the Court is defendant Sekou Fofana's ("Defendant") motion to suppress evidence discovered during the search of his vehicle (Court File No. 39). The United States ("Government") filed a response (Court File No. 42). The motion was referred to United States Magistrate Judge William B. Mitchell Carter, who held a hearing and subsequently filed a report & recommendation ("R&R") recommending Defendant's motion be denied (Court File No. 44). Defendant filed an objection (Court File No. 45), and the Government filed a response, which was two business days late (Court File No. 46). For the following reasons, Defendant's objection to the R&R will be **OVERRULED** (Court File No. 45), and the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 44). Accordingly, Defendant's motion to suppress will be **DENIED** (Court File No. 39).

**I.   RELEVANT FACTS**

Neither party challenges any of the magistrate judge's factual findings. Because the recitation contained in the magistrate judge's R&R adequately represents the facts, the Court hereby adopts by reference the magistrate judge's statement of facts (Court File No. 44, pp. 1-4). The

Court also reviewed the videotape of the traffic stop and subsequent search. As the magistrate judge noted, the sound of passing vehicles muffled much of the conversation recorded on the tape, and the tape skips near its end, making that portion of the tape largely useless. However, from what the Court could hear on the tape, nothing in the R&R was clearly erroneous.

II.     STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

III.    DISCUSSION

Defendant raises two objections to the R&R, neither of which is persuasive.

A.      First Objection

Defendant's first objection is that the R&R's analysis of the traffic stop should have included the four minutes after the time Defendant was issued his speeding ticket. Defendant contends this time was part of the traffic stop because Officer Gibson ("Gibson") still had his driver's license and rental agreement. In the R&R, the magistrate judge first concluded Defendant was not detained for an unreasonable amount of time during the traffic stop (Court File No. 44, pp. 6-7). The magistrate judge next concluded that, because Gibson continued possessing Defendant's driver's license and rental agreement, he detained Defendant after the traffic stop (*id.*, p. 7). The magistrate judge concluded the detention was permitted because Gibson reasonably suspected criminal activity (*id.*, p. 10). The magistrate judge clearly did analyze this four-minute period, and determined Gibson

legally detained Defendant during this period. Defendant's objection appears to be that this four-minute period should have been analyzed as part of the traffic stop, not as something occurring after the traffic stop. Even if the traffic stop had lasted 17 minutes instead of 13 minutes, Defendant has cited no authority that an extra four minutes would turn an otherwise reasonable traffic stop into an unreasonable one. The magistrate judge determined the detention during that four minutes was reasonable, and that is not affected by whether the detention occurred after a 13-minute traffic stop or during a 17-minute traffic stop. The reasonableness of those four minutes is the subject of Defendant's second objection.

### B. Second Objection

In his second objection, Defendant disputes the magistrate judge's conclusion that Gibson had reasonable suspicion of criminal activity to detain Defendant after issuing the speeding citation. Reasonable suspicion requires looking at the totality of the circumstances to determine if there are "specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant the continued detention of a motorist after a traffic stop." *United States v. Ellis*, 497 F.3d 606, 612-13 (6th Cir. 2007). Reasonable suspicion "is more than an ill-defined hunch; it must be based upon a particularized and objective basis for suspecting the particular person . . . of criminal activity." *United States v. Richardson*, 385 F.3d 625, 630 (6th Cir. 2004). Even if individual factors are consistent with innocent behavior, reasonable suspicion can exist based on the factors taken as a whole. *United States v. Smith*, 263 F.3d 571, 588 (6th Cir. 2001). Evidence offered in support of reasonable suspicion is viewed "using a common sense approach, as understood by those in the field of law enforcement." *Richardson*, 385 F.3d at 630; *Smith*, 263 F.3d at 588.

Defendant contends that although there was some confusion among himself and his three passengers about where they had been, their answers presented a plausible scenario not giving rise to reasonable suspicion. For this proposition, Defendant relies on *United States v. Mesa*, 62 F.3d 159 (6th Cir. 1995), and *Richardson*, which Defendant contends present factual scenarios identical to what occurred in his case. In *Mesa*, the Sixth Circuit determined a claimed discrepancy between the answers of two people was not a discrepancy sufficient to generate suspicion in the mind of a reasonable police officer. 62 F.3d at 162. Specifically, the defendant had told an officer her grandfather had a stroke, while the defendant's sister answered in the negative when the officer asked if the grandfather had a heart attack. The lack of a real discrepancy in that case meant the only basis for reasonable suspicion was the defendant appearing nervous. Because "nervousness is generally included as one of several grounds for finding reasonable suspicion and [is] not a ground sufficient in and of itself," the Court concluded the officer lacked reasonable suspicion. *Id.* In *Richardson*, the Court found no reasonable suspicion arose from allegedly conflicting explanations given as to travel plans because the travel plans were "entirely plausible." 385 F.3d at 631. The other two bases for reasonable suspicion were likewise not suspicious, and viewing the factors together did not lead to reasonable suspicion.

In the instant case, the questions and answers are not like those in *Mesa* or *Richardson*. Defendant contends it is "plausible" that four men would stay in Knoxville the night before, travel for three hours, and then travel to Knoxville again even though the driver could not say where they had been during all this travel or where they had spent the night. The Court disagrees. Although it is plausible a group of people could spend the night in Knoxville, then travel elsewhere in the state, and then return to Knoxville, it is not plausible the driver would not have any idea where he

4

had been or where he was going. Defendant was driving the car, but did not know that Knoxville was his supposed destination or that he had supposedly been in Knoxville the night before. Unlike *Mesa* and *Richardson*, the reasonable suspicion in this case arises not from conflicting answers among passengers but from the implausibility of Defendant's answer. According to Defendant, the only thing he knew was he was traveling in Tennessee. The group's origin and destination as Knoxville came from someone in the car other than Defendant. Defendant's answers did not conflict. Rather, they were implausible, which is suspicious because he was driving and they had been traveling for three hours.

Defendant also contends it is not a criminal violation for Defendant's rental car to be outside the area permitted by his rental agreement. Assuming this is correct,[1] it nevertheless raises some suspicion of the activities of the car's occupants. Although people not engaged in criminal activity may sometimes violate rental agreements by driving outside the prescribed territory, this behavior is not completely innocuous. In addition, the magistrate judge credited Gibson's testimony that Defendant and his passengers appeared very nervous and were driving a rental car, a means of transportation often used by drug traffickers. Viewing the totality of the circumstances, Defendant did not know his destination or origin; he was driving a rental car, and doing so well outside the area in which he agreed to drive the car; and he was very nervous. Individually, none of those factors is a crime, but together they would lead a reasonable officer using his common sense to have reasonable suspicion of criminal activity.

---

[1]The Government disagrees, and suggests violating the rental agreement could violate Tenn. Code Ann. § 39-14-106, which prohibits taking an automobile without consent of the owner and without intent to deprive the owner of the vehicle. The Court need not decide whether Defendant's activity violates this statute.

## IV. CONCLUSION

For the foregoing reasons, Defendant's objection to the R&R will be **OVERRULED** (Court File No. 45), and the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 44). Accordingly, Defendant's motion to suppress will be **DENIED** (Court File No. 39).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**